959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nestor LONDONO, Defendant-Appellant.
 No. 91-7043.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before TACHA and EBEL, Circuit Judges and ROGERS, District Court Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 This appeal arises out of Nestor Londono's conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 853 and for travelling in interstate commerce to promote a narcotics business enterprise in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2. On appeal, Londono raises five arguments: (1) the district court abused its discretion in denying the motion for mistrial based upon the inability of the jury to reach a verdict; (2) Londono was denied his right of confrontation under the Sixth Amendment by the admission of hearsay evidence at sentencing; (3) the evidence was insufficient to sustain Londono's conviction under the Travel Act; (4) prosecutorial misconduct in opening and closing statements deprived Londono of a fair trial; and (5) the trial court erred in refusing one of Londono's tendered jury instructions. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 We review the district court's decision to deny a motion for a mistrial under an abuse of discretion standard. See United States v. Novak, 918 F.2d 107, 108-09 (10th Cir.1990). In this case, Londono moved for a mistrial when the jury indicated it could not reach a verdict. The district court declined to grant the motion. After reviewing the record, we agree that there was no "manifest necessity" to declare a mistrial after only a few hours of deliberation. See United States v. Horn, 583 F.2d 1124, 1127 (10th Cir.1978). We also conclude that the district court's decision did not impermissibly coerce the jury into reaching a verdict.
 
 
 3
 Londono also asserts that he was denied his right to confrontation at the sentencing hearing under the Sixth Amendment by the admission of hearsay evidence. Londono recognizes that this circuit permits consideration of hearsay evidence at sentencing hearings under the United States Sentencing Guidelines. United States v. Reid, 911 F.2d 1456, 1461 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991); United States v. Beaulieu, 893 F.2d 1177 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990). Londono urges us to adopt a new standard based on a decision of the Eighth Circuit. See United States v. Fortier, 911 F.2d 100 (8th Cir.1990). After reviewing our earlier decisions and the decision of the Eighth Circuit, we decline to adopt a new standard.
 
 
 4
 Londono also asserts that the evidence introduced at trial was insufficient as a matter of law to sustain his conviction under the Travel Act. Londono argues that the isolated activities in this case fail to establish the foreseeability of the interstate travel and cannot support a conviction under the Travel Act. "[A]n involved party who should have reasonably foreseen the use of interstate facilities in furtherance of a shared criminal scheme can be held under the Travel Act." United States v. Barbieri, 614 F.2d 715, 720 (10th Cir.1980). After reviewing all the evidence, we conclude that Londono could have reasonably foreseen the use of interstate facilities.
 
 
 5
 Londono argues further that prosecutorial conduct during the opening and closing statements deprived him of a fair trial. Because Londono did not object to these statements at trial, we review these statements for plain error. See United States v. Abello-Silva, 948 F.2d 1168, 1182 (10th Cir.1991). After reviewing the statements of the prosecutor and the entire record, we cannot conclude that there was plain error.
 
 
 6
 Finally, Londono argues that the trial court erred in rejecting his tendered instruction number two. To assess a district court's rejection of a tendered instruction, we review the instructions as a whole to determine whether the jury was adequately advised regarding all pertinent issues in the case. See United States v. Haar, 931 F.2d 1368, 1371 (10th Cir.1991). After reviewing all of the evidence presented at trial and the jury instructions as a whole, we conclude that the district court did not err in rejecting Londono's proposed instruction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Richard D. Rogers, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3