**Nichi Aki SENJURO, Plaintiff–Appellant,**

**v.**

**Dr. MURRAY, Defendant–Appellee.**

**No. 91–1102.**

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1991.

---

Nichi Aki Senjuro, pro se.

Bonnie J. McLaren, Miles & Epstein, Denver, Colo., for defendant-appellee, Carolyn Murray, M.D.

* Honorable Samuel P. King, Senior U.S. District Judge for the District of Hawaii, sitting by designation.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.*

PER CURIAM.

■ Nichi Aki Senjuro, a prisoner at the El Paso County, Colorado, Detention Center, appeals from the district court's order dismissing his civil rights complaint. Mr. Senjuro sent a letter to the district court indicating his desire to appeal. We treat the letter as the functional equivalent of a notice of appeal. *See United States v. Leonard,* 937 F.2d 494, 495 (10th Cir.1991). However, the letter was sent outside the maximum thirty-day period from the entry of the order (constituting the judgment) on the court docket. *See* Fed.R.App.P. 4(a)(1); *Herrera v. First N. Sav. & Loan Assn,* 805 F.2d 896, 899 (10th Cir.1986). Therefore, Mr. Senjuro's letter noting his appeal was untimely.[1] *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). In addition, Mr. Senjuro did not move for an extension of the time to appeal within the thirty-day grace period established by Fed.R.App.P. 4(a)(5).[2] *See Romero v. Peterson,* 930 F.2d 1502, 1505 (10th Cir.1991) (discussing excusable neglect standard); *Oda v. Transcon Lines Corp.,* 650 F.2d 231, 232 (10th Cir.1981) (discussing mechanics of Rule 4(a)(5)). Given these facts, we lack jurisdiction to consider his appeal because the time periods established by Fed.R.App.P. 4(a) are " 'mandatory and jurisdictional.' " *See Browder v. Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)).

■ Mr. Senjuro argues that he did not receive timely notice of the entry of judgment in this case, but this does not obviate the need for a timely notice of appeal or a timely request for an extension. *See* Fed. R.Civ.P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."). *See also Silvia v. Laurie,* 594 F.2d 892, 893 (1st Cir.1979) (while failure to receive notice may constitute excusable neglect allowing the district court to extend the time for appeal, a request for extension of time prior to the end of the thirty-day grace period is a prerequisite to relief); *Mayfield v. United States Parole Comm'n,* 647 F.2d 1053, 1055 (10th Cir. 1981) (request for extension of time to file notice of appeal must be made prior to the end of the thirty-day grace period).

In carefully limited circumstances, relief from an untimely notice of appeal may be available. If the district court induced detrimental reliance by an appellant resulting in the filing of an untimely notice of appeal, we may allow the appeal in the "best interests of justice" given such unique circumstances. *See Stauber v. Kieser,* 810 F.2d 1, 1–2 (10th Cir.1982). *See also Pinion v. Dow Chem. U.S.A.,* 928 F.2d 1522, 1526–35 (11th Cir.1991) (discussing "unique circumstances" doctrine). Here, we have no indication that any statements or actions of the district court resulted in detrimental

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

1. The order from which Mr. Senjuro seeks to appeal was entered on January 31, 1991. The docket sheet indicates that the order was mailed to all counsel and the order contains a certificate of mailing to Mr. Senjuro. On March 8, 1991, the district court docketed a letter from Mr. Senjuro inquiring about the status of his case. On March 15, 1991, Mr. Senjuro's letter constituting his notice of appeal was filed, some forty-three days after the entry of judgment.

2. Mr. Senjuro's letter merely indicates his desire to appeal and may not be deemed a motion for an extension of time under Fed.R.App.P. 4(a)(5). Neither a bare notice of appeal nor its functional equivalent " 'should be construed as a motion for extension of time, where no request for additional time is manifest.' " *Wilder v. Chairman of the Central Classification Bd.,* 926 F.2d 367, 371 (4th Cir.1991) (quoting *Shah v. Hutto,* 722 F.2d 1167, 1168–69 (4th Cir.1983) (en banc), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984)). Nor may the filing of Mr. Senjuro's letter noting his appeal be viewed "as tantamount to the granting of the requisite extension." *Mayfield v. United States Parole Comm'n,* 647 F.2d 1053, 1055 (10th Cir.1981).

reliance by Mr. Senjuro. We have also recognized that relief may be available via Fed.R.Civ.P. 60(b). *Wallace v. McManus,* 776 F.2d 915, 916–17 (10th Cir.1985). A party may seek to set aside the original judgment when notice of its entry was received outside the time in which to file a motion for extension of time under Fed. R.App.P. 4(a)(5). *Id.* at 917. In this case, however, Mr. Senjuro received notice of entry of judgment prior to the expiration of the thirty-day grace period in which to file for an extension of time to file a notice of appeal. Thus, we must conclude that Mr. Senjuro's failure to note a timely appeal or to obtain an extension deprives this court of jurisdiction to consider his appeal. Accordingly, we GRANT appellee's motion to dismiss, and deny all other pending motions.

APPEAL DISMISSED.