977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karl Wayne TIGER, Plaintiff-Appellant,
v.
Ron CHAMPION, Defendant-Appellee.
 No. 92-5004.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Karl Wayne Tiger, a prisoner at the Oklahoma State Penitentiary, appeals from the district court's order denying his motion to alter or vacate the court's prior order denying his application for habeas corpus relief pursuant to 28 U.S.C. § 2254. His appeal was challenged on jurisdictional grounds under Federal Rule of Appellate Procedure 4(a)(1).
 
 
 3
 Federal Rule of Appellate Procedure 4(a)(1) requires a party wishing to appeal in a civil case to file a notice of appeal with the clerk of the court within 30 days after the date of entry of the order appealed from. Extensions are permitted, but only under limited circumstances.
 
 
 4
 The thirty-day time limit is "mandatory and jurisdictional." Browder v. Department of Corrections of Ill., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). The court of appeals has no jurisdiction to review an order appealed unless a timely notice of appeal has been filed. See id. at 265; Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir.1991); Lobato v. Pay Less Drug Stores, 261 F.2d 406, 408 (10th Cir.1958).
 
 
 5
 We can find nothing in the record that suggests Tiger's notice of appeal was timely filed. The district court entered the order that Tiger now appeals on September 20, 1991. [R. at 16] Tiger's notice of appeal is file-stamped "Dec. 27 1991" by the clerk of the Northern District of Oklahoma. [R. at 17] The docket confirms the accuracy of these dates. [R. at 2] Tiger, however, claims that he timely filed his notice of appeal on September 27, 1991, and that "through either inadvertance [sic] or mistake said Notice of Intent was not filed until 12-27-91." Appellant's Response to the Court Order to Show Cause, at 1. The date, "September 27, 1991," does appear in the text of Tiger's notice to appeal; however, it seems to indicate the date Tiger believed the district court's original order was issued. The notice of appeal reads in part:
 
 
 6
 Notice is hereby given that Karl Wayne Tiger ... appeals ... from the final order or judgment of the District Court entered in this action on the 27th day of September, 1991.
 
 
 7
 R. at 17.
 
 
 8
 In its Order granting Tiger a Certificate of Probable Cause for appeal, the district court stated that "[a]fter perusal of said notice and the file in this cause, the Court finds ... that the notice of appeal is timely filed...." Because we can find nothing in the record indicating that the notice was indeed timely filed, we remand to the district court to give reasons to support its conclusion that the appeal was timely filed.
 
 
 9
 The order of the district court issuing the Certificate of Probable Cause is REVERSED and REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3