989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Renaldo J. GAMBLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5028.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before LOGAN, Circuit Judge, Barrett, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the petitioner is challenging the district court's denial of his writ of habeas corpus. Pursuant to a plea agreement dated October 10, 1989, the petitioner pleaded guilty to a single charge of conspiracy to possess with the intent to distribute 50 grams or more of cocaine-base in violation of §§ 846, 841(a)(1), 841(b)(1)(A)(iii), and 853. The petitioner was sentenced to 96 months imprisonment, to be followed by 60 months of supervised release. The petitioner appealed his sentence to this court, alleging that the United States Attorney had advised him that he would not receive a prison sentence in excess of four years. In our decision of October 29, 1990, we rejected the petitioner's appeal, concluding that the clear and unambiguous language of the plea agreement negated the petitioner's claim that the government had promised him any maximum sentence. See United States v. Gamble, 917 F.2d 1280 (10th Cir.1990).
 
 
 2
 The petitioner subsequently filed this habeas action in the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 2255. The petitioner alleged that his attorney instructed him to lie when asked by the trial judge whether he had been given any promises by the prosecution, and that this instruction amounted to ineffective assistance of counsel. The district court rejected the petitioner's claim on the grounds that it raised the same issue previously rejected by this court on direct review. On appeal, the petitioner argues that the district court misconstrued his habeas petition and should have granted him an evidentiary hearing. Because the petitioner failed to file a timely notice of appeal, however, we find that we are without jurisdiction to reach these claims. Accordingly, we conclude that the petitioner's appeal should be dismissed.
 
 
 3
 Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal in a habeas proceeding against the United States to be filed within 60 days after the date of entry of the judgment or order appealed from. Rule 4(a)(5) permits the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Rule 4(a)(1).
 
 
 4
 Here, the district court entered its summary judgment order on September 23, 1991 and the petitioner filed his notice of appeal on January 27, 1992. Accordingly, the petitioner's appeal was filed beyond the 60-day period specified in Rule 4(a)(1). Since the petitioner never filed a motion to extend, his notice of appeal was thus untimely.
 
 
 5
 The petitioner argues that the time for filing a notice of appeal should have been tolled because he was not informed of the district court's judgment until January 21, 1992.[1] However, Federal Rule of Civil Procedure 77(d) states that "lack of notice of entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." This rule "plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest." Lathrop v. Oklahoma City Housing Authority, 438 F.2d 914, 915 (10th Cir.), cert. denied, 404 U.S. 840 (1971) (quoting Long v. Emery, 383 F.2d 392, 394 (10th Cir.1967)).
 
 
 6
 While two narrow exceptions serve to limit the operation of Rule 77(d), neither of these exceptions are applicable in the instant case. First, an appellant who fails to receive notice of the entry of the district court's judgment may seek to vacate the judgment under Federal Rule of Civil Procedure 60(b)(1) on the grounds of excusable neglect. Senjuro v. Murray, 943 F.2d 36, 38 (10th Cir.1991); see Wallace v. McManus, 776 F.2d 915, 917 (10th Cir.1985); Rodgers v. Watt, 722 F.2d 456, 458-59 (9th Cir.1983) (en banc). Second, an appellant may file an untimely notice of appeal if the appellant's failure to notify himself of the entry of judgment was induced by the actions or statements of the court. Senjuro, 943 F.2d at 38; see Thompson v. INS, 375 U.S. 384, 385-387 (1964); Stauber v. Kaiser, 810 F.2d 1, 1-2 (10th Cir.1982). In the instant case, the petitioner never filed a motion to vacate the district court's judgment under Rule 60(b)(1) and the one-year time limit on filing such a motion has elapsed.[2] Nor has the petitioner presented any evidence that he detrimentally relied on any statements or actions of the district court in failing to notify himself of the court's judgment. Thus, we conclude that the petitioner's failure to learn of the judgment did not toll his time for filing a notice of appeal.
 
 
 7
 The new amendment to Federal Rule of Appellate Procedure 4(a)(6) does not require a contrary conclusion. This amendment provides:
 
 
 8
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal ...
 
 
 9
 However, this amendment only governs those appeals which were pending on, or commenced after, December 1, 1991. See Order of the Supreme Court, 111 S.Ct. 1011 (April 30, 1991). In the instant case, the 60-day period provided by Rule 4(a)(1) for the filing of a notice of appeal expired on November 22, 1991. After this date, petitioner's appeal was no longer pending. While the petitioner had an additional 30 days during which to revive his appeal by filing a motion to extend, he never filed such a motion. Consequently, the petitioner's appeal does not come within the purview of Rule 4(a)(6) as amended.
 
 
 10
 We recognize that pro se pleadings are to be interpreted liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991). However, this rule may only be applied to remedy inartful pleading; it does not permit us to ignore the time constraints imposed by Rule 4(a). See Fed.R.App.P. 26(b) (court of appeals "may not enlarge the time for filing a notice of appeal"); Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988) (requirements of Rule 4 may not be waived even under a liberal reading of the Federal Rules of Appellate Procedure). These time constraints are "mandatory and jurisdictional." Senjuro, 943 F.2d at 37 (10th Cir.1991) (quoting Browder v. Department of Corrections, 434 U.S. 257, 264 (1978)). Accordingly, we conclude that the petitioner's notice of appeal was not timely filed and that his appeal must be dismissed.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The petitioner argues that the court erroneously sent notice of the court's judgment to his former attorney who failed to forward the notice to him in jail
 
 
 [2]
 Although the petitioner filed his notice of appeal within the one-year time limit required by Rule 60(b)(1), we do not believe we may treat this notice of appeal as a 60(b)(1) motion. In Mayfield v. United States Parole Commission, 647 F.2d 1053, 1055 (10th Cir.1981), we rejected the argument that a pro se petitioner's notice of appeal should be treated as a motion for an extension of time. We stated that the rule governing such extensions "clearly demands judicial involvement in the determination that excusable neglect does exist, whereas the acceptance of a notice of appeal for filing is a mere clerical function." Id. (quoting United States v. Lucas, 597 F.2d 243, 245 (10th Cir.1979)). We believe the same reasoning applies in the instant case