F I L E D
**United States Court of Appeals
Tenth Circuit**

**SEP 4 2002**

**PATRICK FISHER
Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHNNY VAN FERRELL, JR.,

Petitioner - Appellant,

v.

JOHN GRUBBS, Warden,

Respondent - Appellee.

No. 02-5074
(No. 01-CV-75-K)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Pro se petitioner Johnny Van Ferrell, Jr., an Oklahoma state prisoner, has

filed an "Application for Certificate of Appealability" and supporting brief in this

court, arguing both the merits of his underlying habeas appeal and the impropriety

of the district court's denial of his motion to file an out-of-time appeal.

On February 1, 2001, Ferrell filed a petition for a writ of habeas corpus

---

* The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

pursuant to 28 U.S.C. § 2254 in district court. The petition was dismissed by the court as time-barred on October 17, 2001. Ferrell did not file a notice of appeal within the thirty-day time period prescribed by Fed. R. App. P. 4(a)(1), but on May 15, 2002, he filed an "Application for Habeas Corpus Relief Appeal Out of Time." In ruling on this application, the district court noted the language of Fed. R. App. P. 4(a)(6) that a court "may reopen the time to file an appeal . . . but only if all the following conditions are satisfied: (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier . . . ." Because over two-hundred days had elapsed since the district court's entry of judgment denying Ferrell's habeas petition, the court determined that the conditions of Rule 4(a)(6) had not been met. Ferrell's application was therefore denied.

We conclude that this court lacks jurisdiction to review the district court's October 17, 2001 judgment dismissing Ferrell's § 2254 petition. The thirty-day deadline for the filing of a notice of appeal under Fed. R. App. P. 4(a)(1) had expired, and this time limitation is "mandatory and jurisdictional." <u>Senjuro v. Murray</u>, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam). Furthermore, this court "lacks discretion to consider the merits of a case over which it is without

-2-

jurisdiction." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). [1]

Our conclusion that we have no jurisdiction to review the district court's dismissal of Ferrell's habeas petition, however, does not bring an immediate end to our inquiry. Ferrell timely filed an application for a certificate of appealability ("COA") with respect to the district court's denial of his Rule 4(a)(6) motion, and that matter is therefore properly before us. We may issue a COA, however, only if an applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meeting this standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting

_____

[1] Ferrell has also submitted to this court a paper titled "Supplemental Evidence to Support Claim of Error by District Court in Applying AEDPA Time-Barred Order Brief in Support" ("Supp. Evid. Mot."), which we construe as a motion for permission to file a supplemental brief, together with the supplemental brief itself. That motion is granted. In this document Ferrell argues that the district court erred in denying his petition for a writ of habeas corpus as time-barred, contending that his direct appeal in state court is "still an open and pending motion" (Supp. Evid. Mot. at 2), and that the one-year period of limitations for filing a habeas petition imposed by the Antiterrorism and Effective Death Penalty Act of 1996 should therefore be tolled. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."). Because, as noted above, Ferrell did not file a timely notice of appeal, we lack jurisdiction to consider this argument as well.

-3-

<u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). We review the legal conclusions of a district court in a habeas proceeding de novo. <u>Martin v. Kaiser</u>, 907 F.2d 931, 933 (10th Cir. 1990). Because Ferrell has filed his application for a COA pro se, we construe his petition liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972).

Before the district court, Ferrell argued that his "lack of action" in filing a timely appeal was due to his being separated from his legal papers during his transfer to a new correctional facility. (R. Doc. 25 at 2.) To the extent that he contends before us that the district court erred by not applying equitable tolling principles to his application to appeal out of time (<u>see</u> Applic. for COA at 3), we conclude there is no merit to his claim. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal." <u>Clark v. Lavallie</u>, 204 F.3d 1038, 1040 (10th Cir. 2000). The district court thus properly refused to grant Ferrell's application to appeal out of time.

Ferrell's application for a COA with respect to the district court's October 17, 2001 dismissal of his § 2254 habeas petition is **DISMISSED** for lack of appellate jurisdiction. Ferrell's application for a COA with respect to the district court's denial of his Rule 4(a)(6) motion is **DENIED**.

-4-

The mandate shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge