**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 05-6330 |
| v. | (W.D. Oklahoma) |
| STEVIE JEROME WILLIAMS, | (D.C. No. 96-CR-152-M) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stevie Jerome Williams, a pro se federal prisoner, appeals the district court's denial of his post-conviction motion, filed under Fed. R. Civ. P. 60(b), challenging his conviction and sentence. We dismiss Mr. Williams' appeal for lack of jurisdiction because he failed to file a timely Notice of Appeal.

## BACKGROUND

Following a jury trial, Mr. Williams was convicted of five counts charging various bank robbery and firearms offenses. He filed a direct appeal of his conviction and sentence. This court affirmed in an unpublished opinion. United States v. Williams, No. 97-6332, 1998 WL 166097 (10th Cir. Apr. 10, 1998) (unpublished). Mr. Williams did not seek certiorari review from the United States Supreme Court.

On November 29, 2000, Mr. Williams filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied this motion on June 5, 2002.

On March 31, 2003, Mr. Williams filed a "Petitioner's Request for Relief from the Judg[]ment for Extraordinary Circumstances, Pursuant to Rule 60(b), F.R.Civ. P." R. Vol. II, doc. 115. The address he listed for himself on this submission indicated that, since the time of his § 2255 filing, he had moved from a federal penitentiary in Beaumont, Texas, to another federal penitentiary in

Coleman, Florida. In his Rule 60(b) motion, he challenged his judgment of conviction, claiming there were extraordinary circumstances because the government had allegedly concealed facts that show the district court's lack of jurisdiction over his criminal case.[1] The district court issued an order denying the Rule 60(b) motion on its merits on April 14, 2003.

Seven months later, on November 3, 2003, Mr. Williams filed a "Request for Status and Adjudication on the Merits," in which he asked the court "to inform him of the status of his pending Rule 60(b) motion." Id., doc. 118. The district court docket sheet indicates that the district court issued an order on November 6, 2003, directing the court clerk's office to mail another copy of the court's April 14, 2003, order to Mr. Williams.[2]

On January 5, 2004, Mr. Williams filed a "Request to Proceed In[ ]Forma Pauperis" ("IFP motion"), in which he asked the court "to allow him to proceed in the present appeal" without paying the court fees or costs. Id., doc. 120. On January 14, 2004, the district court issued an order directing Mr. Williams to file supporting documentation for his IFP motion by February 2, 2004. The record indicates that this order was mailed to Mr. Williams at his previous address at

---

[1]Specifically, Mr. Williams alleged that neither of the financial institutions that he had robbed were FDIC insured. Mr. Williams also made arguments alleging improper jury instructions and inappropriate sentencing enhancements.

[2]This order is listed as Document 119 on the district court docket sheet. Document 119 appears to be missing from the district court record.

FCI-Beaumont and was returned as undeliverable on January 26, 2004. However, on February 12, 2004, the district court denied Mr. Williams' IFP motion due to his failure to provide supporting documentation. On February 18, 2004, the government submitted an Advisement to the Court, indicating that, having received notice of the nondelivery of the court's January 14 order to Mr. Williams, it had mailed a copy of that order to Mr. Williams at FCI-Coleman on January 28 and had advised him to inform the court of his new address.

On July 30, 2004, Mr. Williams again submitted a "Request for Status and Adjudication on the Merits," which was identical to his previous such request. Id., doc. 125. On August 4, 2004, the district court issued an order advising Mr. Williams that his Rule 60(b) motion had been denied and that it had previously so advised Mr. Williams.

On August 27, 2004, Mr. Williams filed a "Request for Determination of Status of Notice of Appeal," in which he asserted that, after the district court's denial of his Rule 60(b) motion on April 14, 2003, he had "filed a timely notice of appeal with the court . . . , the exact date presently unknown." Id., doc. 127 at 1. Mr. Williams further asserted that "the true purpose" of his previous status requests of November 3, 2003, and July 30, 2004, had been to seek the status of his notice of appeal, but that the court had failed to inform him of its status. Id., doc. 127 at 2.

The district court had not responded to this latest request by June 30, 2005, when Mr. Williams filed a "Request for Writ of Mandamus to the Chief Judge," asking the court "to compel the judge residing over his case to process the appeal of the denial of his Rule 60(b) motion." Id., doc. 128 at 1. In this request, Mr. Williams indicated that he "was never forwarded a copy of the . . . order" denying his Rule 60(b) motion until after he had "filed several motions seeking the status of the case," but that, after he did receive the court's denial, he had "filed a timely notice of appeal." Id., doc. 128 at 1-2. On August 10, 2005, the court issued an order denying Mr. Williams' request for a writ because, having "carefully reviewed the court file in this matter," it had "found no notice of appeal filed by defendant." Id., doc. 129.

On September 6, 2005, Mr. Williams filed a "Resubmi[ss]ion of his Notice of Appeal Pursuant to the Unique Circumstance Doctrine," indicating that he had just been informed for the first time that his "notice of appeal was not on file or record." Id., doc. 130 at 2. Mr. Williams asserted that "it is clear that [he] has timely filed his notice of appeal, and the failure of the court to have the notice of appeal on file or record is because of error committed by the court." Id., doc. 130 at 2 (citing Thompson v. INS, 375 U.S. 384 (1964), for the proposition that, "w[h]ere the court's error causes the untimeliness of a defendant's filings," the court should accept the filings as timely based on excusable neglect). Mr.

Williams also resubmitted an IFP motion. The district court denied the IFP motion and transmitted the Notice of Appeal to this court.

**DISCUSSION**

The government argues that this court lacks jurisdiction to consider Mr. Williams' appeal because his Notice of Appeal was untimely. A timely Notice of Appeal is a jurisdictional prerequisite. Smith v. Barry, 502 U.S. 244, 248 (1992). The relevant time period here for filing a Notice of Appeal was within 60 days after the district court's judgment or order was entered. Fed. R. App. P. 4(a)(1)(B). Mr. Williams' Rule 60(b) motion was denied on April 14, 2003. According to the district court docket sheet and the record, Mr. Williams did not file a Notice of Appeal until September 6, 2005, well over two years past the deadline.

As indicated above, Mr. Williams variously argued, in his submissions to the district court, either that he had not received timely notice of the district court's denial of his motion, or that he did file a timely Notice of Appeal but it was lost by the court. On appeal, Mr. Williams asserts that he was not informed of the district court's denial of his Rule 60(b) motion until after his first status

-6-

request, submitted on November 3, 2003. He appears to concede that he was informed of the denial by approximately January 5, 2004, however, because he claims that he submitted his Notice of Appeal at the same time he submitted his IFP motion, which was filed on January 5, 2004. According to Mr. Williams, "[t]he clerk of the court docketed the motion requesting to proceed in[]forma pauperis on appeal, and never placed [his] notice of appeal on record." Appellant's Reply Br. at 2. Mr. Williams further asserts that it was the court's obligation, after receiving his IFP motion, which clearly referred to an appeal, and considering Mr. Williams' pro se status, to inform Mr. Williams that, according to its records, no notice of appeal had been filed.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se status does not excuse the obligation to file a timely Notice of Appeal. Senjuro v. Murray, 943 F.2d 36, 38 (10th Cir. 1991) (per curiam). On the other hand, if the litigant does not receive notice of the district court's entry of judgment until after the time for filing a Notice of Appeal has expired, relief may be available. Id. In such a case, the district court may reopen the time to file an appeal if the litigant meets the requirements of Fed. R. App. P. 4(a)(6). Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000). Among those requirements are that the litigant file an

appropriate motion "within 180 days after the judgment or order is entered." Fed. R. App. P. 4(a)(6).

In this case, following the court's entry denying Mr. Williams' Rule 60(b) motion on April 14, 2003, Mr. Williams did not file a motion of any sort until his November 3, 2003, Request for Status and Adjudication on the Merits. That document was filed more than 180 days after the court's entry of its order. Rule 4(a)(6) therefore precludes any grant to Mr. Williams of an extension to file a Notice of Appeal. See Clark, 204 F.3d at 1041. Accordingly, because Mr. Williams failed to file a timely Notice of Appeal, this court lacks jurisdiction over his appeal.

## CONCLUSION

For the foregoing reasons, Mr. Williams' appeal is DISMISSED. Accordingly, the district court's denial of Mr. Williams' motion to proceed in forma pauperis is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-8-