**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 19, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL FARROW,

    Petitioner - Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO; EXECUTIVE DIRECTOR
OF CDOC; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

    Respondents - Appellees.

No. 25-1022
(D.C. No. 1:23-CV-01089-CNS)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

Michael Farrow, a state prisoner proceeding pro se,[1] appealed the denial of his

28 U.S.C. § 2254 habeas petition too late. He then asked the district court to grant

him relief from the notice-of-appeal deadline and sought the district judge's recusal.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Farrow's pro se filings, but we do not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The district court declined both requests, and Farrow now seeks a certificate of appealability (COA) to appeal both rulings.

Because the decisions Farrow challenges on appeal are collateral to his habeas petition, we deny a COA as unnecessary. And because the district court did not abuse its discretion in denying Farrow's requests for relief from the notice-of-appeal deadline and for recusal, we affirm.

## Background

After Farrow tried to run down two people with his car, a Colorado jury convicted him on state charges of attempted first-degree assault, felony menacing, reckless driving, reckless endangerment, and a crime of violence. The Colorado Court of Appeals affirmed his convictions, and the Colorado Supreme Court denied certiorari.

He then challenged his convictions by filing a § 2254 habeas petition in federal district court. On April 5, 2024, the district court denied his petition, declined to issue a COA, dismissed the case, and entered final judgment. Farrow had 30 days to appeal. *See* Fed. R. App. P. 4(a)(1)(A).

Almost two months later, we received Farrow's notice of appeal and forwarded it to the district court. A month after that, Farrow acknowledged that he had missed the 30-day deadline and asked the district court to extend or reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(5)(A) and (a)(6). The district court declined to do so in a July 29 order. We eventually dismissed his appeal for lack of jurisdiction. *See Farrow v. Colorado*, No. 24-1239 (10th Cir. Oct. 3, 2024).

As relevant to this appeal, Farrow filed three additional motions in the district court. On August 22, he filed a "motion to alter judgment pursuant to Rule 59" of the Federal Rules of Civil Procedure, which asked the district court to revisit its July 29 decision declining to extend or reopen the time to appeal. R. vol. 2, 45 (cleaned up). And in the following weeks, he filed (and then refiled) a motion requesting that the Chief Judge "order a writ of mandamus and prohibition to recuse or disqualify" the district judge assigned to his case. *Id.* at 50 (cleaned up).

On December 6, the district court denied all three motions in a single order. It explained that Farrow's Rule 59(e) motion failed to provide any new factual basis or arguments for reconsidering the denial of the Rule 4(a) motion to extend or reopen, so it failed on the merits.[2] As for the recusal motions, the district court found no authority requiring the Chief Judge to resolve them and no facts that would justify granting them.

On January 2, 2025, Farrow filed a notice of appeal.[3] We then ordered a limited remand for the district court to consider whether to grant a COA. The district court declined to issue one.

---

[2] The district court also addressed Federal Rule of Civil Procedure 60—cited briefly in Farrow's motion—in a footnote. But on appeal, Farrow is adamant that he does not seek relief under Rule 60, so we decline to address that basis for denial.

[3] We determine the date Farrow filed his notice of appeal using the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1)(A).

**Analysis**

## I.    Scope of Review

At the outset, we define the scope of this appeal. Farrow asks us to review (1) the April 5 order and judgment dismissing his § 2254 petition; (2) the July 29 order denying his Rule 4(a) motion to extend or reopen the time to appeal, and (3) the December 6 order denying his Rule 59(e) and recusal motions.

Farrow sought review of the April 5 order and judgment in his prior appeal. *See Farrow*, slip. op. at 1. We dismissed that appeal for lack of jurisdiction because he filed his notice of appeal too late, and the district court refused to extend or reopen the appeal window. *Id.* at 2–3. That remains true, so we can't review the April 5 order.

In the same decision, we observed that "Farrow [had] not separately appeal[ed] the district court's July 29 order], and the time to do so ha[d] expired." *Id.* at 3. Yet that was only partially correct. True, Farrow did not file a notice of appeal within 30 days of the July 29 order. But he did file a timely Rule 59(e) motion asking the district court to reconsider extending or reopening the appeal window.[4] And in those

---

[4] Rule 59(e) is an appropriate vehicle for reconsidering such a request. It permits a party to file "[a] motion to alter or amend a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies"). And an order "refusing to extend the time for filing a notice of appeal is itself an appealable final *judgment*." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (emphasis added). Additionally, contrary to the district court's separate assessment, Farrow's Rule 59(e) motion was aimed at the July 29 order, not the April 5 order—so it was timely filed within the 28-day window for such motions. *See* Fed. R. Civ. P. 59(e).

circumstances, "the time to file an appeal runs for all parties from the entry of the order disposing of the [Rule 59(e)] motion." Fed. R. App. P. 4(a)(4)(A). So Farrow's time to appeal the July 29 order didn't start running until the district court "dispos[ed]" of his Rule 59(e) motion on December 6—which puts his January 2 notice of appeal perfectly within the 30-day appeal period. *Id.* As such, we can review both the July 29 and December 6 orders in this appeal.[5]

## II.    Certificate of Appealability

Next, we must determine whether contesting those orders requires Farrow to secure a COA. In *Harbison v. Bell*, the Supreme Court clarified that a COA is required to challenge "final orders that *dispose of the merits* of a habeas corpus proceeding." 556 U.S. 180, 183 (2009) (emphasis added). The COA step is unnecessary, however, when an appellant challenges "a collateral order," such as one denying appointment of counsel. *United States v. McIntosh*, 723 F. App'x 613, 616 (10th Cir. 2018)[6]; *see Harbison*, 556 U.S. at 183 (concluding no COA necessary to appeal order denying "a motion to enlarge the authority of appointed counsel").

---

[5] Farrow points out that the July 29 order described his case as dismissed "with prejudice," even though the April 5 order and judgment did not. R. vol. 2, 35. And for that reason, in Farrow's view, the July 29 order modified or reissued the April 5 judgment and thereby restarted the appeal period. We commend Farrow for his attention to detail and procedure. But the July 29 order ruled only on the motion to extend or reopen time to appeal; its apparently inadvertent inclusion of the phrase "with prejudice" did not modify or reissue the April 5 order and judgment.

[6] We cite this unpublished decision for its persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The July 29 and December 6 orders address two collateral issues—the appeal period and judicial recusal. Both are procedural matters that have no bearing on the grounds for Farrow's habeas petition. *See McIntosh*, 723 F. App'x at 616 (holding no COA required to challenge "order denying recusal" and, separately, order denying "Rule 59(e) motion . . . address[ing] a procedural issue"); *Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022) (same for order denying motion for extension of time to appeal under Rule 4(a)(5)). So we deny as unnecessary Farrow's request for a COA and decide his appeal on the merits.

### III.    Time to Appeal

We turn now to the district court's July 29 and December 6 decisions refusing to extend or reopen the time to appeal under Rule 4(a)(5)(A) and (a)(6) and then under Rule 59(e). We review both decisions for abuse of discretion and affirm unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Bishop*, 371 F.3d at 1206 (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)) (applying abuse-of-discretion review to Rule 4(a)(5)(A) decision); *see also Jenkins v. Burtzloff*, 69 F.3d 460, 464 n.7 (10th Cir. 1995) (suggesting abuse-of-discretion standard applies to Rule 4(a)(6) decisions); *Eaton v. Pacheco*, 931 F.3d 1009, 1027 (10th Cir. 2019) (applying abuse-of-discretion review to Rule 59(e) decision).

Liberally construed, Farrow's brief argues that the district court's July 29 order denying his motion to extend or reopen the time to appeal was an abuse of

6

discretion.[7] That order considered and rejected two avenues for allowing Farrow to rectify his late notice of appeal. The first, Rule 4(a)(5)(A), permits a district court to extend the time to "appeal if: (i) a party so moves no later than 30 days after the time [to appeal] expires; and (ii) . . . that party shows excusable neglect or good cause." The district court found Farrow ineligible for an extension because he didn't file his Rule 4(a)(5)(A) request in time, and it wasn't supported by excusable neglect or good cause.

We agree with the district court that Farrow requested a Rule 4(a)(5)(A) extension too late. That rule gives parties a 30-day grace period after the notice-of-appeal deadline to file an extension request. *See* Fed. R. App. P. 4(a)(5)(A)(i). Here, the grace period ended on June 5. To be sure, Farrow had filed his notice of appeal by then. But he didn't ask for extra time in that filing, and as the district court stated, we don't construe "a bare notice of appeal . . . as a motion for extension of time, where no request for additional time is manifest." R. vol. 2, 36–37 (quoting *Senjuro v. Murray*, 943 F.2d 36, 37 n.2 (10th Cir. 1991)). The first time Farrow requested an extension was in his July 2 motion, almost a month after the Rule 4(a)(5)(A)(i) grace

---

[7] Farrow is also adamant that the district court should have applied equitable tolling or vacated and reinstated the April 5 judgment to restart the appeal period. But *Bowles v. Russell* forecloses the former. 551 U.S. 205, 214 (2007) (holding "that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" not subject to equitable exceptions). And Farrow cites no case that would require the latter.

period expired.[8]

The district court also considered and rejected a second avenue for relief, Rule 4(a)(6), which permits a district court to "reopen the time to file an appeal" if, among other things, the appellant "did not receive notice . . . of the judgment or order sought to be appealed." Fed. R. App. P. 4(a)(6). But here, Farrow does not dispute receiving notice of the April 5 order and judgment. This is fatal to his Rule 4(a)(6) request, so the district court appropriately refused to reopen the appeal period.

We similarly see no grounds for upending the district court's December 6 order denying Farrow's Rule 59(e) motion to reconsider the July 29 appeal-period ruling. Farrow's motion simply regurgitated the factual and legal arguments from his original motion to extend or reopen. He did not identify "an intervening change in the controlling law," "new evidence previously unavailable," or "the need to correct clear error or prevent manifest injustice"—the three primary grounds for reconsideration. *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). And because reconsideration is not a vehicle for "revisit[ing] issues already addressed," the district court did not abuse its discretion in denying Farrow's entirely duplicative Rule 59(e) motion. *Servants of Paraclete*, 204 F.3d at 1012.

---

[8] The district court also addressed the second prong of Rule 4(a)(5)(A), the existence of "excusable neglect or good cause." Because we affirm the district court's timeliness analysis, we need not reach Farrow's arguments on these points.

We thus affirm both district-court orders declining to extend or reopen Farrow's time to appeal the April 5 order and judgment.

## IV.    Recusal

Finally, we address the district court's December 6 recusal ruling, which we likewise review for abuse of discretion. *See Burke v. Regalado*, 935 F.3d 960, 1052 (10th Cir. 2019).

Farrow initially contends that the assigned district judge erred in resolving the issue rather than transferring it to another judge. True, "[a] judge who is the subject of a disqualification motion *may* transfer the matter to another judge for decision." *Id.* at 1052 n.83 (emphasis added). "But the judge is *not required* to do so." *Id.* (emphasis added). And contrary to Farrow's assertions, a petition for writ of mandamus does not offer an end-run around the assigned district judge. *See* 28 U.S.C. § 1651. Rather, mandamus provides a vehicle for reviewing the assigned district judge's "denial of a motion for recusal." *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022). Because Farrow had no prior recusal decision to seek review of,[9] it was not as abuse of discretion for the assigned district judge to resolve Farrow's recusal requests in the first instance.

Nor was it an abuse of discretion to refuse to recuse. The relevant statutory provisions require recusal when a judge "has a personal bias or prejudice" for or

---

[9] Farrow had previously filed a recusal motion, but the district court did not decide it on the merits. Instead, the district court denied the motion "without prejudice to being refiled after the pending appellate proceedings ha[d] concluded and jurisdiction ha[d] been returned to th[e district c]ourt." R. vol. 1, 7 (cleaned up).

against a party, 28 U.S.C. § 144, or when the judge's "impartiality might reasonably be questioned," *id.* § 455(a). The allegations here fail both standards.

Farrow theorizes that the district court was biased against him because a docket entry erroneously stated that the "[p]laintiff d[id] not consent" to proceed before a magistrate judge. R. vol. 1, 4; *see also* Fed. R. Civ. P. 73(b)(1) ("A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral."). He then lists various adverse decisions he contends are proof of the district judge's resulting bias. He also insists that the district judge failed to send him a copy of an order in his case. But even accepting the possibility of a misdirected or mishandled order that failed to reach Farrow, that does not establish bias on the part of the district judge. And "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Denying Farrow's recusal motions was therefore well within the district judge's discretion.

## Conclusion

We affirm the district court's July 29 and December 6 orders declining to extend or reopen the time to appeal and denying recusal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

10