**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 97-6316 |
| v. | (W.D. Oklahoma) |
| LE SON REED, | (D.C. No. CV-97-876-W) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Le Son Reed seeks a certificate of appealability permitting him to challenge the district court's denial of his motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.

Mr. Reed was convicted in 1992 on multiple counts of drug trafficking crimes and was sentenced to a term of 360 months imprisonment. We affirmed the conviction and sentence on August 3, 1993. United States v. Reed, 1 F.3d 1105 (10th Cir. 1993).

## A.

Mr. Reed filed the instant petition on May 23, 1997, about four years after his conviction became final and well beyond the April 23, 1997, one-year time deadline established by the amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996, as interpreted by our decision in United States v. Simmonds, 111 F.3d 737, 745 (10th Cir. 1997). As a result, the district court denied Reed's § 2255 motion as time barred.

Mr. Reed filed a motion for reconsideration, arguing that the government had impeded his efforts to file, and that therefore the one-year limitations period was extended by time attributable to the impediment. For this argument, he relied

upon 28 U.S.C. § 2255(2), which deals solely with when the limitations period begins to run, not to extensions of the one-year period once it has commenced.[1]

The facts asserted by Reed in support of his extension argument fall into three general categories: (1) attempts prior to April 23, 1996, to obtain copies of grand jury and trial transcripts (including opening arguments), jury instructions, and other documents; (2) limited access to the law library beginning in August 1996, due to his placement in a segregated housing unit, and the unavailability of copies of petition forms which he could use outside the library; and (3) his transfer, on March 31, 1997, to another prison and the subsequent misplacement of his legal papers by prison officials; these papers were not returned to him until May 21, 1997, following which he promptly completed his petition and filed it through the prison mail system two days later.

Only the first of the three categories outlined above applies to the period prior to April 23, 1996, and, therefore, is relevant to the commencement of the

---

[1]The statute states that

[a] 1-year period of limitation shall apply to a motion under this section. The limitation period   shall run from the latest of   . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

28 U.S.C. § 2255(2) (1998) (emphasis added).

limitations period under § 2255(2). As to that category, Reed acknowledges that by March 11, 1996, he had received everything he requested except for a copy of the government's opening statement. Appellants' Br., App. V, Exhibit 15. Nothing on these facts would qualify as an impediment to the commencement to the limitations period on April 23, 1996. In that regard, the district court did not err when it denied Reed's Motion for Reconsideration by its Order filed August 21, 1997.

However, at the time of its order, the court did not have the benefit of our decision in Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), in which we held that in appropriate exceptional circumstances equitable tolling principles apply to the one-year limitations period under § 2255. Accordingly, assuming arguendo that a liberal construction of Reed's arguments gets us to the issue, the district court did not consider whether the facts asserted by Reed, in categories (2) and (3) above, constitute grounds for extending the limitations period beyond April 23, 1996. Our own review of the record and briefs convinces us that as to category two—limited library use and lack of forms—Reed's bare allegations are insufficient to invoke equitable tolling. There is no showing of actual prejudice. Cf. Lewis v. Casey, 518 U.S. 343, 351 (1996).

We find category three—loss of papers during transfer, from March 31, 1997, to May 21, 1997—to be somewhat more problematic. In view of the district

court's manifestly correct observation that Reed offers no explanation why he was unable to file before March 31, 1997, and our requirement that the petitioner must establish that he diligently pursued his claims, see Miller v. Marr, 141 F.3d at 978, we are inclined to conclude that no basis for equitable tolling exists with respect to this category either. In Miller, the petitioner's conviction became final on October 4, 1993, and he therefore had almost four years to file his habeas petition. After his petition was dismissed as time-barred, the petitioner in Miller argued that he had been denied access to certain legal materials from January 1995 until April 1997, and that the limitations period should have been tolled. We expressly noted in that case that, because the petitioner could not explain how lack of access to adequate legal materials for the last two years of the post-conviction period–in that case almost four years–prevented the petitioner from filing his petition during the first two years after his conviction, he had not shown that he was diligent. Id. (stating that the petitioner's claims of lack of access to legal materials "do[] not explain [his] lack of pursuit of his federal claims before" his alleged lack of access materialized). Here, Reed had a similar period–almost four years–following the finality of his conviction in which to file his § 2255 petition.

**B.**

However, to dispel any doubt we retain on the subject of timeliness, we will examine Reed's petition itself to determine whether Reed "has made a substantial showing of the denial of a constitutional right" as required for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2); see also Davis v. Johnson, ___ F.3d ___, 1998 WL 733731, at *3 (5th Cir. Oct. 21, 1998) (adopting a two-step approach to certificate of appealability questions which raise procedural issues, looking first to see whether the habeas petitioner "has made a credible showing that his claim should not have been dismissed as time-barred," and, if he has, looking then to see whether he can make a "substantial showing of the denial of a constitutional right").

Reed's petition asserts six claims, which we set out below, along with a summary of the facts alleged in support.

1. Ineffective assistance of counsel because counsel failed to become an advocate. Mr. Reed provides no facts in support of this claim.

2. Ineffective assistance of counsel because counsel failed to object to the magistrate judge's participation in or interference with jury deliberations in violation of the petitioner's right to have an

Article III judge conduct all trial proceedings. [2] Mr. Reed does not set forth any specific facts in the section of his petition setting forth this claim, but his petition as a whole seems to indicate that the magistrate judge considered questions from the jury, and received the verdict when it came in.

3. Denial of petitioner's right to be present at all stages of his trial when the court, in petitioner's absence, received a note from the jury. [3] Mr. Reed states that the magistrate judge considered two

---

[2]In support of this contention, Mr. Reed cites United States v. Gomez, 490 U.S. 858 (1989). We think Gomez is easily distinguishable. First, the magistrate judge in Gomez presided over voir dire, a much more critical phase of the trial, at least as far as the judge's involvement is concerned, than presiding over proceedings during jury deliberation. Indeed, a legislative committee report cited in Gomez states that the Federal Magistrates Act was intended to allow magistrates to "accept returns of jury verdicts where the trial judge is unavailable." Id. at 869 (citing H.R. Rep. No. 94-1609, at 12). Second, defense counsel in Gomez objected to the appointment of the magistrate judge. Mr. Reed's counsel not only did not object to the magistrate's involvement, he expressly consented thereto. Transcript, R. Tab 238, App. A. at 310. The Supreme Court has held magistrate involvement proper, even at the voir dire stage, when the defendant's counsel consents. Peretz v. United States, 501 U.S. 923 (1991). For these reasons, Gomez is of no assistance to Mr. Reed.

[3]It is unclear from the record whether claims (3) and (4) are ineffective assistance of counsel claims, or are based on the alleged violation of some other constitutional right. Mr. Reed does not refer to these claims as ineffective assistance claims in the headings of his petition, but does state in the body of the petition that "thus counsel was ineffective" because his counsel did not object to the jury's note to the court or the jury's consideration of the audio tapes. Memorandum in Support of Petition, R. Tab 238, at 9. We think that they must necessarily be ineffective assistance of counsel claims, because Mr. Reed's trial counsel not only did not object to either the appointment of the magistrate judge

-7-

questions from the jury, namely, "May we listen to the audio tapes again?," and "We need to understand the meaning of 'distribution.'" Mr. Reed contends that he was absent when the magistrate judge made his decisions whether and how to answer these questions.

4. Denial of petitioner's right to be present at all stages of his trial when, in his absence, the jury was allowed to listen to audio tapes of the trial during jury deliberations. Mr. Reed alleges, with some support, see United States v. Kupau, 781 F.2d 740, 743 (9th Cir. 1986), [4] that when a jury listens to audio tapes of the trial, a defendant has a right to be present because that is a "stage of the trial" as defined by Fed. R. Crim. P. 43(a).

_____

or the decision to allow the jury to hear trial tapes, the record reflects that Mr. Reed's trial counsel expressly consented to both events. Transcript, R. Tab 238, App. A at 310, 313. In any event, it does not matter which way the claims are styled, because we think the claims fail either way.

[4]Kupau was a case in which an FBI agent who had sat at the government's counsel table was permitted to operate the tape recorder machine for the jurors when they listened to the audio tapes of the trial. The defendant was not present when the jury listened to the tapes. Kupau, 781 F.2d at 742-43. Even in that case, however, the Ninth Circuit held that the court's decision to allow the FBI agent to operate the tape machine was harmless error, because the defendant could not show that he was prejudiced thereby. Id. at 743. Mr. Reed's case is similar. His counsel expressly consented to the playing of the tapes, Transcript, R. Tab 238, App. A. at 313, and therefore Mr. Reed's claim must be analyzed as an ineffective assistance claim. As such, Mr. Reed's claim fails because he is unable to show that the outcome of his trial would have been different had his attorney objected.

5. Ineffective assistance of counsel because counsel failed to object to the trial judge's absence during jury deliberations. This claim appears to be concurrent with the second claim, described above.[5]

6. Ineffective assistance of counsel because counsel failed to investigate the facts of the case. Mr. Reed alleges that his trial counsel failed to interview witnesses, and potential witnesses, including Lee Arthur Tucker, police officer Elic Bostic, Peggy Holzbough, and government informant Antonio Williams.

Our review of the petition and its supporting documents reveals that some of these allegations are conclusory and devoid of any substantive supporting facts. Such unsupported allegations do not make the required substantial showing. Cf. Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (stating that "naked allegations" are not cognizable under federal habeas corpus statutes).

---

[5]Mr. Reed here cites Riley v. Deeds, 56 F.3d 1117 (9th Cir. 1995), for the proposition that the trial judge's absence from a criminal trial, including absence from proceedings after a jury begins deliberation, is structural error. We think this case is not applicable here, because the trial judge in Riley simply left the scene, leaving only his law clerk to preside. In Mr. Reed's case, the trial judge left a magistrate judge to preside over the proceedings, after procuring the consent of both the government's attorney and Mr. Reed's trial attorney. R. tab 238, App. A. at 310. The Supreme Court has held that magistrate judges can preside over even voir dire in criminal felony trials, when the defendant consents. Peretz v. United States, 501 U.S. 923 (1991). Therefore, Mr. Reed's citation to Riley is inapposite.

-9-

Other allegations, if unaccompanied by an ineffectiveness of counsel claim, are procedurally barred because they could have been raised on direct appeal, and there is no showing of cause and prejudice, or fundamental miscarriage of justice to excuse the failure to do so. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

With respect to the ineffective assistance of counsel claims, Mr. Reed must make a substantial showing both that his counsel's performance was so seriously deficient "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984), and that Reed was prejudiced as a result. As to prejudice, Reed must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id.

The evidence of Mr. Reed's guilt admitted during the trial of this case is surveyed in our opinion on direct appeal. United States v. Reed, 1 F.3d at 1106-11. Nothing in Mr. Reed's petition makes a showing sufficient to undermine our confidence in the outcome of his trial.

## C.

For the reasons stated above, we conclude that Mr. Reed has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we decline to issue a certificate of appealability, and we DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge