**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

Le SON REED,

Petitioner - Appellant.

No. 05-6250

(W.D. Oklahoma)

(D.C. No. 92-CR-05-3-W)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Le Son Reed, a federal inmate proceeding pro se, appeals the district court's denial of his motion under Fed. R. Civ. P. 60(a). For the reasons set forth below, we affirm.

## BACKGROUND

On March 17, 1992, Mr. Reed was convicted, following a jury trial, of four counts relating to his participation in a cocaine distribution conspiracy. On June 2, 1992, the district court sentenced Mr. Reed to 360 months' imprisonment, followed by five years of supervised release. He filed a direct appeal of his conviction and sentence, which this court rejected. United States v. Reed, 1 F.3d 1105 (10th Cir. 1993). In 1997, Mr. Reed filed a post-conviction motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion as time-barred, and this court affirmed. United States v. Reed, No. 97-6316, 1998 WL 817750 (10th Cir. Nov. 27, 1998) (unpublished). Mr. Reed's further attempts in 2000 and 2001 to file a second or successive § 2255 motion, a motion under Fed. R. Civ. P. 60(b), and a motion under 28 U.S.C. § 2241 were also rejected by the courts.

On March 15, 2005, Mr. Reed filed a Motion for Imposition of Sentence of Imprisonment, citing 18 U.S.C. § 3582(b)(1), (b)(3) and (c)(1)(A)(I), 18 U.S.C. § 3742, and United States v. Booker, 543 U.S. 220 (2005), in support of his

request for a new sentencing hearing or a reduction in sentence. The district court denied this motion on April 15, 2005. The court mailed a copy of this ruling to Mr. Reed at his former location in the federal penitentiary in Lewisburg, Pennsylvania. According to Mr. Reed, he received the copy at his current location in the federal penitentiary in Lompoc, California, on May 2, 2005. He then filed a Notice of Appeal, on which he recorded the date of May 5, 2005, but which the district court filed on May 10, 2005. This court dismissed the appeal as untimely. [1] <u>United States v. Reed</u>, No. 05-6167 (10th Cir. May 18, 2005) (unpublished).

On July 8, 2005, Mr. Reed filed in district court a Motion for Relief from Judgment or Order Due to Clerical Mistakes pursuant to Fed. R. Civ. P. 60(a), arguing that his prior Notice of Appeal should be deemed timely because the district court had caused a delay in his receipt of its April 15 ruling by mailing it to an incorrect address. The district court denied this motion on July 19, 2005, advising Mr. Reed that, under the court rules, it was his responsibility to notify the court of an address change by filing the appropriate form.

---

[1]Because 18 U.S.C. § 3582 essentially provides for a continuation of a prior criminal case, the ten-day appeal period set forth in Fed. R. App. P. 4(b)(1)(A) applies. <u>United States v. Espinosa-Talamantes</u>, 319 F.3d 1245, 1246 (10th Cir. 2003). 18 U.S.C. § 3742 provides for direct appeals of sentences imposed in criminal cases.

Mr. Reed filed a Notice of Appeal from this order. He then filed a Motion to Reinstate Appellant's Appeal in district court, renewing his objection to the district court's use of an incorrect mailing address, on September 19, 2005. On September 30, 2005, the district court denied that motion as moot, in light of Mr. Reed's pending appeal before this court.

## DISCUSSION

In this appeal, Mr. Reed asks us to reverse the district court's July 19 and September 30, 2005, rulings regarding the timeliness of his prior Notice of Appeal. [2] As described above, Mr. Reed invoked Fed. R. Civ. P. 60(a) as the vehicle for raising his argument that the district court's use of an incorrect address provided adequate justification for the untimeliness of his Notice, and he filed his Rule 60(a) motion in district court after this court had already dismissed Mr. Reed's appeal as untimely.

---

[2]The government points out that the district court's August 30 and September 30 orders were issued after Mr. Reed filed his Notice of Appeal in this case, but suggests that the issues raised therein "can easily be dealt with in this response and by the Circuit." Appellee's Br. at 7. Given our disposition of this case, we need not further address this matter.

The government also appears to argue that this court, by sending a letter to Mr. Reed, which he apparently received on September 20, 2005, containing "instructions to proceed with his appeal," meant to reinstate Mr. Reed's prior appeal, Reed, No. 05-6167. Appellee's Br. at 7. We clarify that the letter was referring to the present appeal, No. 05-6250.

-4-

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se status does not excuse the obligation to file a timely Notice of Appeal. Senjuro v. Murray, 943 F.2d 36, 38 (10th Cir. 1991) (per curiam). On the other hand, if the litigant does not receive notice of the district court's entry of judgment until after the time for filing a Notice of Appeal has expired, relief may be available. Id. Because Mr. Reed's § 3582 motion was a criminal filing, Espinosa-Talamantes, 319 F.3d at 1246, the relief available is governed by Fed. R. Crim. P. 49(c) and Fed. R. App. P. 4(b)(4). The latter provision indicates that,

> [u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed.

Fed. R. App. 4(b)(4). "[A] defendant who filed his notice of appeal within the Rule 4(b)[(4)] thirty-day extension period may obtain relief by showing excusable neglect notwithstanding his failure to file a motion seeking such relief within that same time frame." Espinosa-Talamantes, 319 F.3d at 1246 (internal quotation omitted).

There is no indication in the record that Mr. Reed made an adequate showing of excusable neglect either in the district court or in this court when this

-5-

court was considering Mr. Reed's appeal of his § 3582 motion. The record indicates that Mr. Reed did not file a petition for rehearing, pursuant to Fed. R. App. P. 40, following this court's dismissal of his appeal. The time for requesting such a hearing has now expired. See Fed. R. App. P. 40(a)(1) (indicating a petition for rehearing must be filed within fourteen days after the appellate panel's entry of judgment). [3] Thus, this court's previous ruling that that appeal should be dismissed as untimely is now the law of the case. Kennedy v. Lubar, 273 F.3d 1293, 1300 & n.9 (10th Cir. 2001). Because the district court had no power, under Rule 60(a) or otherwise, to reverse this court's decision or to reinstate the appeal, we affirm the district court's denial of Mr. Reed's Rule 60(a) motion.

We further observe that current circuit law makes clear that Mr. Reed's request for a modified sentence under 18 U.S.C. § 3842 would have failed on the merits. As indicated above, the sole basis for Mr. Reed's request for a modification was the Supreme Court's decision in Booker. While Mr. Reed cited § 3842(c)(1)(A)(I), the only subsection of § 3842 that allows modification of a sentence based on a defendant's motion is subsection (c)(2). As the government points out, we have recently held that "Booker does not provide a basis for a

---

[3]We note that even if Mr. Reed's Rule 60(a) motion were construed as a petition for rehearing, it would be untimely.

sentence reduction under § 3582(c)[(2)]." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006). Mr. Reed raised no argument in his § 3842 motion that warrants a modification of his sentence. [4]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[4]We note that we have reviewed Mr. Reed's § 3582 motion although it was not included in the record submitted on appeal.