FILED
United States Court of Appeals
Tenth Circuit

December 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

LE SON REED,

Defendant‑Appellant.

No. 10-6049
(D.C. No. 5:92-CR-00005-W-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

---

Defendant-appellant Le Son Reed, appearing pro se, appeals two orders of

the district court denying him a reduction of his criminal sentence under

18 U.S.C. § 3582(c)(2). We have jurisdiction to review such denials. *See*

28 U.S.C. § 1291; *United States v. Trujeque*, 100 F.3d 869, 870-71 (10th Cir.

1996) ("Our appellate jurisdiction over final decisions extends as far as to

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consider the district court's denial of [a defendant's] § 3582(c)(2) motion.").

Further, as Mr. Reed is proceeding pro se, we liberally construe his pleadings.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). In his first

motion Mr. Reed argued that application of Amendment 505 to the United States

Sentencing Guidelines (Sentencing Guidelines), when considered with application

of Amendment 706, would have resulted in a reduced sentence. In his second

motion, Mr. Reed urged the district court to apply the provisions of unenacted

legislation to his sentence. The district court denied both motions, and we affirm

those denials.

## I.

Mr. Reed was convicted on March 17, 1992, of a number of felonies

concerning the possession and distribution of cocaine base. The Presentence

Investigation Report (PSR) recommended that Mr. Reed be held accountable for

216.5 grams of cocaine base, resulting in a base offense level of 34. The report

also recommended a two-level enhancement due to possession of weapons and a

four-level enhancement because Mr. Reed was an organizer or leader. Thus,

Mr. Reed's total offense level was 40. He had a criminal history category of VI.

The district court overruled Mr. Reed's objections to the PSR, adopted the

factual findings and guideline application in the PSR, and sentenced Mr. Reed to

a term of imprisonment of 360 months, plus concurrent one- and five-year terms

of supervised release.  *See United States v. Reed*, 1 F.3d 1105-07, 1112 (10th Cir. 1993) (upholding Mr. Reed's convictions and sentence).

On March 15, 2005, Mr. Reed filed a motion under 18 U.S.C. § 3582(c)(2) seeking the reduction of his sentence based on *United States v. Booker*, 543 U.S. 220 (2005).  Under 18 U.S.C. § 3582(c)(2), the district court is authorized to modify a sentence or reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  The district court denied his motion, and this court dismissed his appeal as untimely.  We subsequently affirmed the district court's denial of a Rule 60(b) motion Mr. Reed filed in the district court that attacked the dismissal of his appeal by this court.  We noted that Mr. Reed would have had no success on the merits either, in that "*Booker* does not provide a basis for a sentence reduction under § 3582(c)[(2)]." *United States v. Reed*, 176 F. App'x 944, 947 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted).

On December 14, 2007, Mr. Reed filed another Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence in light of Amendment 706 of the Sentencing Guidelines.  Amendment 706 became effective November 1, 2007, and reduced the base offense level associated with

any given crack cocaine quantity by two levels. The district court denied Mr. Reed's motion on the ground that the *retroactive* application of Amendment 706 would not take effect until March 3, 2008.

On February 25, 2008, Mr. Reed filed a third Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), again seeking reduction based on Amendment 706. Following a hearing, the district court again denied Mr. Reed's motion on September 8, 2008. The parties agreed that Amendment 706 would lower Mr. Reed's base offense level from 34 to 32, and therefore lower his total offense level from 40 to 38. But the court held that, under the revised sentencing guidelines, Mr. Reed's total offense level of 38, combined with a criminal history category of VI, resulted in the *same* sentencing range as that originally applied to Mr. Reed, i.e., 360 months to life. Mr. Reed appealed this decision, but that appeal was dismissed by this court for failure to prosecute on January 16, 2009. *United States v. Reed*, No. 08-6207 (10th Cir. Sept. 16, 2009) (order dismissing for failure to prosecute).

A little over a year later, on January 28, 2010, Mr. Reed filed the first of the motions presently at issue. He denominated it: "MOTION TO REOPEN AND RESEND [sic] THE ORDER DENYING § 3582(c)(2)" (Motion to Reopen) R., Doc 379, at 1. Therein, he asked the court to modify his sentence based on application of Amendment 505 to the Sentencing Guidelines. On February 4, 2010, the district court denied the Motion to Reopen, finding that "no grounds

have been advanced and no events have occurred that warrant reconsideration and/or vacatur of the Court's Order entered on September 8, 2008." *Id*., Doc. 381, at 1.

On February 11, 2010, Mr. Reed filed what he called a "**SUPPLEMENT TO PETITIONER'S MOTION TO REOPEN AND TO RESEND THE ORDER DENYING HIS § 3582(c)(2) MOTION**" (Supplement). *Id*., Doc. 382, at 1. Mr. Reed argued that his sentence should be reduced under the "Cocaine Sentencing Act of H.R. 3245 and Senate Bill 1789" *id*., which had not yet been enacted. On February 17, 2010, the district court denied the Supplement on the ground that, because the legislation at issue had not been enacted, Mr. Reed's request for relief was premature. On February 23, 2010, Mr. Reed filed his notice of appeal with this court, appealing (1) the district court's February 3, 2010, order denying his Motion to Reopen, and (2) the court's February 17, 2010, order denying the Supplement.

## II.

We note first that the district court likely treated these motions as, essentially, new § 3582(c)(2) motions, because the grounds asserted in each were different than the subject matter of the motion that they purportedly sought to "reopen." We shall do the same. Generally, "[w]e review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238

(10th Cir. 2008). But, here, the district court never reached the point were it exercised that discretion in that it held that it did not have the power to reduce his sentence. Where "the key issue on appeal is the scope of a district court's authority in a proceeding under § 3582, we conduct *de novo* review." *United States v. Cobb*, 584 F.3d 979, 982 (10th Cir. 2009).

We note first that Mr. Reed raises a number of issues in his appellate brief which appear to attack earlier district court rulings. Those issues will not be addressed because, among other reasons, his notice of appeal is not timely as to those rulings. *See Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 845-46 (10th Cir. 2010) (holding this court has no jurisdiction without a timely filed notice of appeal). We thus address only his claim that the district court erred in not reducing his sentence pursuant to (1) Amendment 505, or (2) the unenacted legislation.

Amendment 505

Mr. Reed first appeals the district court's refusal to reduce his sentence due to Amendment 505 on the ground that the amendment did not reduce his sentencing range. He argues on appeal that "[t]he retroactive application of amendment 505 and 706 benefits this appellant by lowering his drug base offense level from 40 to 36, thus lowering his sentencing guideline range from a term of 360 months to life to 324 months to 405 months." Aplt. Opening Br. at 14. This is incorrect because Mr. Reed's base offense level was 34.

"On November 1, 1994, the Sentencing Commission adopted Amendment 505, which reduced the upper level for all drug sentences to 38. A year later the Commission made the new limit retroactive by enacting Amendment 536." *United States v. Pedraza*, 550 F.3d 1218, 1219 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2009) (citation omitted). Amendment 505 would therefore not impact Mr. Reed, as his base offense level was already less than the amended upper level of 38.

As to Amendment 706, it "provided a 2-level reduction in base offense levels for crack cocaine-related offenses." *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008). As noted above, the district court recognized, in its denial of Mr. Reed's February 25, 2008, Motion for Reduction of Sentence, that application of Amendment 706 would lower Mr. Reed's base offense level from 34 to 32, and therefore lower his total offense level from 40 to 38. But Mr. Reed's new total offense level of 38, combined with a criminal history category of VI, would result in the same sentencing range as that originally applied to Mr. Reed, i.e., 360 months to life. This ruling is not at issue on appeal.

Because neither Amendment 505 nor Amendment 706 would lower Mr. Reed's sentencing guideline range, the district court did not err in its February 4, 2010, denial of Mr. Reed's Motion to Reopen.[1]

---

[1] We note that Mr. Reed also makes an argument that, under *United States v. Booker*, 543 U.S. 220 (2005), the district court had the power when reducing his

(continued...)

H.R. 3245/S. 1789

Mr. Reed also appeals the district court's refusal to reduce his sentence based on the Fairness in Cocaine Sentencing Act of 2009, H.R. 3245, 111th Cong., and the Fair Sentencing Act of 2010, S. 1789, 111th Cong. The court denied the Supplement because those statutes had yet to be enacted. On August 3, after Mr. Reed had filed his opening appellate brief and the government had filed its response, President Obama signed the Fair Sentencing Act of 2010 into law. *See* Pub. L. No. 111-220, 124 Stat. 2372. In his reply brief, Mr. Reed urges us to apply the new law to his sentence and remand to the district court for new sentencing.

It is clear the district court did not err in refusing to apply an unenacted House bill and an unenacted Senate bill. Mr. Reed nevertheless urges us to remand because Fair Sentencing Act of 2010 is now law. *See* Aplt. Reply Br. at 3-5. We may not do so. "The 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the

[1](...continued)
sentence under § 3582(c)(2), to not only reduce his sentence based on amended guidelines, but to reduce it to whatever the court felt appropriate, after considering the factors set forth in 18 U.S.C. § 3553(a). He cites to *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) (holding that when a defendant's sentence qualifies for reconsideration pursuant to § 3582(c)(2), the resentencing must be conducted in conformity with *Booker*), as support for his position. We note that both this court, *see United States v. Rhodes*, 549 F.3d 833, 840-41 (10th Cir. 2008), and the Supreme Court, *see Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010), have specifically rejected the reasoning in *Hicks*.

new enactment expressly provides for its own retroactive application." *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).[2]  There is no provision for retroactivity in the Fair Sentencing Act of 2010.  *Id.*

Mr. Reed urges that, under the plain language of the general savings statute, it cannot be applied to his case because the statute was amended, not repealed.  But we ruled long ago that the general savings statute applies to amendments.  *See Moorehead v. Hunter*, 198 F.2d 52, 53 (10th Cir. 1952) ("Whether an existing statute is specifically repealed and a new and different one is passed to replace it, or whether the existing statute is modified by amendment, is in our view immaterial.  In either event, a new statute comes into being and the old one ceases to exist.").  Thus the district court did not err in its February 17, 2010, denial of the Supplement, and we need not remand for the district court to apply the newly enacted Fair Sentencing Act of 2010.

Finally, we note that Mr. Reed also urges that, "in light of a substantive change in law," this court should "liberally construe[] his 18 U.S.C. § 3582(c)(2)

---

[2]    The general savings statute, 1 U.S.C. § 109, provides in part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

motion for resentencing as a 28 U.S.C. § 2255 petition, and affirm the district court's exercise of jurisdiction, under § 2255." Aplt. Reply Br. at 8. We cannot "affirm" the district court's exercise of jurisdiction under § 2255 because the district court did not exercise jurisdiction under § 2255. This is because Mr. Reed did not file a motion under 28 U.S.C. § 2255, although he appears to be well aware of the procedure. *See United States v. Reed*, No. 97-6316, 1998 WL 817750 (10th Cir. Nov. 27, 1998) (unpublished) (denying certificate of appealability from the denial of § 2255 motion).

### III.

The district court's denials of Mr. Reed's Motion to Reopen and Supplement are AFFIRMED. Mr. Reed's motion for leave to proceed in forma pauperis on appeal is GRANTED. His "Motion to Stay the Judgment Pending Appeal Under 28 U.S.C. § 3582(c)(2)" is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge