FILED
United States Court of Appeals
Tenth Circuit

**August 17, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LE SON REED,

Defendant - Appellant.

No. 12-6018
(D.C. No. 5:92-CR-00005-W-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Le Son Reed is currently incarcerated for various drug crimes involving the

distribution of crack cocaine. After amendments to the Sentencing Guidelines

reduced the recommended sentencing range for his offenses, Mr. Reed brought an

action in the district court under 18 U.S.C. § 3582(c)(2) seeking a reduction in his

sentence. The district court denied the motion, reasoning that, because Mr. Reed

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

is *also* a career offender, the Guidelines amendments did not alter the suggested sentencing range applicable to him. Mr. Reed then filed a motion under Federal Rule of Criminal Procedure 35(a) asking the district court to correct the "clear errors" in its decision, but the court denied that motion as well. Mr. Reed now seeks to appeal both denials.

Unfortunately, his appeal of the district court's § 3582 ruling is untimely. The district court denied Mr. Reed's § 3582 motion on December 14, 2011. From that date, Mr. Reed had 14 days to file a notice of appeal. Fed. R. App. P. 4(b). But Mr. Reed did not file a notice until January 17, 2012. Neither does the record reveal any basis for thinking there's some excusable neglect or good cause that might merit an extension of time. *See* Fed. R. App. P. 4(b)(4). In fact, the record reveals that Mr. Reed was personally aware of the need to file a timely notice of appeal from a § 3582 decision. *See United States v. Reed*, No. 05-6167 (10th Cir. May 18, 2005) (dismissing appeal from the denial of a § 3582 motion as untimely); *United States v. Reed*. 176 Fed. Appx. 944, 946 (10th Cir. 2006) (affirming district court's refusal to reinstate appeal dismissed as untimely).

A different problem confronts Mr. Reed's Rule 35(a) motion. It's unclear whether Rule 35 applies to § 3582 resentencing proceedings. But granting without deciding it does, by its terms Rule 35 expressly requires a defendant to file any motion in district court within 14 days of the district court's sentencing decision. The relevant sentencing decision in Mr. Reed's case was (again)

December 14, 2011. But Mr. Reed didn't file his Rule 35 motion until January 5, 2012. Accordingly, the district court did not have authority to entertain the merits of that motion and neither do we.

Mr. Reed's § 3582 appeal is dismissed. Construing the district court's summary denial of his Rule 35 motion as a dismissal for lack of timeliness, *see United States v. Gonzales*, 308 Fed. Appx. 251, 252 (10th Cir. 2009), we affirm that decision. Mr. Reed's motion to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge