**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CHARLES FLETCHER,

Defendant - Appellant.

No. 25-6020
(D.C. No. 5:09-CR-00021-R-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Defendant–Appellant John Charles Fletcher appeals the district court's denial

of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and

the dismissal of his motion for a sentence reduction pursuant to § 404(b) of the First

Step Act of 2018 based on lack of subject matter jurisdiction. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rules of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

## I.     BACKGROUND

### A.     *Mr. Fletcher's Sentence*

On August 4, 2009, Mr. Fletcher was charged with thirty-nine counts alleging various crimes related to a conspiracy to manufacture and distribute cocaine. The alleged crimes included one count of conspiracy to distribute cocaine base and cocaine powder; one count of maintaining a drug-involved premises; two counts of being a felon in possession of a firearm; and thirty-five counts of various cocaine-related crimes, including manufacturing, distributing, and possessing with the intent to distribute or manufacture cocaine. Each of Mr. Fletcher's crimes occurred between May 2003 and September 2008. The Government also filed an information to establish prior drug convictions pursuant to 21 U.S.C. § 851, which enhanced the mandatory minimum penalties for several of Mr. Fletcher's charges. Mr. Fletcher proceeded to trial, and a jury found him guilty of all thirty-nine counts.

Prior to sentencing, the U.S. Probation Office prepared a presentence investigation report ("PSR"), which recommended a total offense level of 46. This included a base offense level of 38, a two-level enhancement for possession of a firearm during the commission of the offense, a four-level enhancement based on his role as the organizer and leader of a criminal activity that involved five or more participants, and another two-level enhancement for obstruction of justice. As to obstruction, the Government presented evidence at sentencing that Mr. Fletcher had harassed, threatened, and assaulted a Government witness during trial preparation, attempting to prevent him from cooperating. The PSR recommended placing

Mr. Fletcher in criminal history category VI based on six criminal history points and Mr. Fletcher's status as a career offender. This resulted in a recommended sentence of lifetime imprisonment under the U.S. Sentencing Commission Guidelines.

The district court adopted the PSR without change. On October 24, 2011, the court imposed the statutory maximum penalty for each count, resulting in the following sentences, all to be served concurrently:

- Life imprisonment as to Counts 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 16, 17, 21, 22, 24, 25, 27, 28, 31, 32, 34, 35, 36, 37, 38, and 39;
- 360 months as to Counts 4, 15, 18, 20, 23, 26, 29, 30, and 33;
- 240 months as to Count 14; and
- 120 months as to Counts 7 and 19.

We affirmed Mr. Fletcher's conviction and sentence on direct appeal.

In 2010—prior to Mr. Fletcher's sentencing but after the relevant offenses were committed—Congress enacted the Fair Sentencing Act. *See* Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act sought to reduce disparities between offenses involving crack cocaine and those involving powder cocaine by increasing the quantities of crack cocaine required to trigger a mandatory minimum sentence and eliminating mandatory minimum sentences for simple possession. *Id.* §§ 2–3; *United States v. Mannie*, 971 F.3d 1145, 1148–49 (10th Cir. 2020). At the time Mr. Fletcher was sentenced, we had said the Fair Sentencing Act did not apply if the relevant conduct occurred before the act's passage. *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010) (unpublished). Thus, the district court applied pre–Fair Sentencing Act ranges to Mr. Fletcher's conduct in calculating his sentence.

However, the Supreme Court has since overruled our then-existing approach and held that the Fair Sentencing Act applies to offenders whose conduct occurred before enactment but who were sentenced after enactment. *Dorsey v. United States*, 567 U.S. 260, 281 (2012).

### B.    *Mr. Fletcher's First Step Act and Compassionate Release Motions*

On January 28, 2022, Mr. Fletcher filed a motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Section 404(b) of the First Step Act of 2018 made the modifications to cocaine-related offenses from the Fair Sentencing Act of 2010 retroactive, allowing pre–Fair Sentencing Act defendants to have their sentences reduced for certain covered offenses. *See* First Step Act of 2018, Pub. L. 115-391, § 404, 132 Stat. 5194, 5222. And the compassionate release statute, § 3582(c)(1)(A), allows a court to reduce a sentence in "extraordinary and compelling" circumstances if such a reduction is consistent with Sentencing Commission policy statements and the 18 U.S.C. § 3553(a) sentencing factors. Mr. Fletcher requested that the district court reduce his sentence to 240 months— under § 404(b) for his covered offenses and under the compassionate release statute for his non-covered offenses.

With respect to his non-covered offenses, Mr. Fletcher argued that a combination of factors—including intervening changes made by the First Step Act, the fact that he should have never been sentenced under pre–Fair Sentencing Act penalties, and consideration of the § 3553(a) sentencing factors—amounted to an

4

extraordinary and compelling reason justifying a reduction of his sentence. Expounding on the § 3553(a) sentencing factors, Mr. Fletcher asserted that facts such as his rehabilitation efforts, the non-violent nature of his offenses, and sentencing disparities between himself and similarly situated defendants as well as his codefendants justified a reduction in his sentence.

The district court denied Mr. Fletcher's motion for compassionate release and then dismissed his § 404(b) motion for lack of standing. The court concluded Mr. Fletcher's argument that his sentences were illegal because they were imposed under pre–Fair Sentencing Act ranges must be raised in a 28 U.S.C. § 2255 motion, not a motion for compassionate release. Notwithstanding, the court found that the length of his sentence was not an extraordinary or compelling circumstance because, even under the Fair Sentencing Act ranges, Mr. Fletcher's Guidelines range remained life imprisonment. The district court rejected Mr. Fletcher's suggestion that a Guidelines sentence was extraordinary or compelling. Lastly, the court concluded that any disparities between Mr. Fletcher's sentence and the sentences received by his codefendants were justified based on the additional sentencing enhancements Mr. Fletcher received and the fact that his codefendants each pleaded guilty to a single count where Mr. Fletcher was tried and convicted of thirty-nine counts.

Turning to the requirement that compassionate release be supported by the § 3553(a) sentencing factors, the court concluded that these factors would not support a sentence reduction even if extraordinary and compelling reasons were found. The court pointed to Mr. Fletcher's leadership role in a major drug conspiracy, his

harassment and intimidation of witnesses, and the fact that past incarceration had not deterred him from engaging in these offenses. While commending Mr. Fletcher's efforts at rehabilitation, the court concluded that these did not "outweigh the numerous other considerations that bear on an appropriate sentence." Appellant's App'x Vol. III at 172. The court determined that a reduced sentence was therefore not appropriate under the § 3553(a) factors.

Having denied Mr. Fletcher's motion for compassionate release, the court turned to his crack cocaine offenses covered by § 404(b) of the First Step Act. Importantly, the parties agree that Count 9 of the Superseding Indictment is a non-covered offense for which Mr. Fletcher is serving a concurrent life sentence. Because Mr. Fletcher is serving a concurrent life sentence for an offense that is not eligible for a reduction under § 404(b), the court concluded that it could not remedy the length of his incarceration. Accordingly, the court held that Mr. Fletcher's injury was not redressable and that he lacked standing to bring his § 404(b) claim. The court therefore dismissed Mr. Fletcher's § 404(b) motion. This appeal followed.

## II.     DISCUSSION

On appeal, Mr. Fletcher raises two arguments. First, he asserts that the district court abused its discretion in denying his motion for compassionate release by misapplying the compassionate release framework and by failing to properly consider his arguments. Second, Mr. Fletcher argues that the district court erred in dismissing his § 404(b) motion for lack of standing because the court could redress his injury by granting both his motion for compassionate release and his § 404(b) motion.

6

### A.     Compassionate Release

Courts may not ordinarily modify a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, § 3582(c)(1)(A) provides for an exception— otherwise known as compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. 2021). Section 3582(c)(1)(A) allows a court "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights" to reduce an incarcerated individual's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* We review a district court's denial of a motion for compassionate release for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). However, we review de novo arguments concerning the interpretation of § 3582(c)(1)(A) and the scope of the district court's authority thereunder. *Maumau*, 993 F.3d at 830.

A district court must conduct a three-step test before granting a motion for compassionate release in which it addresses (1) "whether extraordinary and compelling reasons warrant a sentence reduction"; (2) whether a reduction is consistent with Sentencing Commission policy statements; and (3) whether, in the court's discretion, the applicable § 3553(a) sentencing factors warrant the reduction authorized by steps one and two. *United States v. McGee*, 992 F.3d 1035, 1042–43

(10th Cir. 2021) (internal quotation marks omitted) (quoting *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 1043 (quotation marks omitted) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). A district court seeking to grant such a motion, however, must address each of the three steps. *Id.*

The weighing of the § 3553(a) factors is committed to the discretion of the district court both at the time of sentencing and when ruling on a compassionate release motion, and we will not reverse based on the weighing of those factors "unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (quotation marks omitted). A court need not discuss every factor, nor must it mention every mitigating fact a defendant raises to support a compassionate release motion. *See id.* at 948. Rather, the court must set forth only enough to satisfy us that it considered the parties' arguments and had a reasoned basis for its decision. *See id.* Because we do not require a specific discussion of the § 3553(a) factors to impose a Guidelines sentence, we have said that we do not require anything more detailed "to justify imposing or maintaining under either paragraph of § 3582(c) a sentence within the recommended range of the applicable guidelines." *See id.*

Mr. Fletcher argues that the district court erred by failing to properly apply the three-step test for compassionate release. He contends that the district court

improperly conflated the first and second steps and erred by considering the § 3553(a) sentencing factors at step three despite finding that the first and second requirements were not met. In this way, Mr. Fletcher maintains that the district court misapplied the steps in the compassionate release framework.

As to the court's analysis of the § 3553(a) sentencing factors, Mr. Fletcher argues the district court abused its discretion in determining that these factors did not support a sentence reduction. He states that the court should have considered the discrepancy between his sentence and the sentences received by his codefendants, as well as other similarly situated defendants. And he contends that the court failed to consider whether a lesser sentence would be appropriate under the § 3553(a) factors.

The district court did not err in denying Mr. Fletcher's motion for compassionate release. First, Mr. Fletcher's arguments regarding proper application of the three-step test are foreclosed by Tenth Circuit case law. We have held that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quotation marks omitted) (quoting *Elias*, 984 F.3d at 519). Indeed, we have explicitly rejected the argument that a district court must proceed through steps one and two before considering the § 3553(a) sentencing factors. In *United States v. Hald*, we held that a district court could deny compassionate release based solely on the § 3553(a) factors so long as the facts put forward in support of finding extraordinary and compelling reasons are part of that analysis. *See* 8 F.4th at 936–37, 947. In so holding, we emphasized that courts

regularly articulate the analysis of certain issues in a certain order yet permit the district court's analysis to proceed in a different order if more convenient. *Id.* at 945. As applied to § 3582(c)(1)(A), we found no reason to mandate a particular order. *Id.* at 942–43. The district court therefore committed no error in stating that the § 3553(a) factors would not support a sentence reduction even if Mr. Fletcher's arguments had established extraordinary and compelling circumstances justifying relief.

Second, the record forecloses Mr. Fletcher's contention that the district court failed to adequately consider his arguments in support of the § 3553(a) factors. The court considered Mr. Fletcher's arguments regarding extraordinary and compelling reasons as part of the § 3553(a) analysis, addressing each argument and then concluding that the factors did not support a sentence reduction "even if the circumstances identified by Mr. Fletcher could be described as extraordinary and compelling." *See* Appellant's App'x Vol. III at 171.

We are likewise not persuaded that the district court failed to properly consider Mr. Fletcher's sentencing disparity arguments. To be sure, the court considered these arguments when discussing extraordinary and compelling circumstances instead of the sentencing factors. But this was not error. Indeed, the court specifically concluded that no unwarranted sentencing disparity existed, finding that disparities between Mr. Fletcher and his codefendants were justified because each of the codefendants pleaded guilty to a single count whereas Mr. Fletcher was convicted of thirty-nine charges after a jury trial. Furthermore, the district court concluded that

10

Mr. Fletcher's Guidelines range remained life imprisonment—a fact Mr. Fletcher conceded before the district court. Because we have said that we do not require a specific discussion of the § 3553(a) factors to justify maintaining a Guidelines sentence on a motion for compassionate release, any failure by the court to specifically rebut each of Mr. Fletcher's arguments addressing those factors was not error. *See Hald*, 8 F.4th at 948.

Lastly, we reject Mr. Fletcher's contention that the district court erred by failing to specifically state that a lesser sentence would not serve the purposes of the § 3553(a) factors. In the context of original sentencing, we have stated that a district court does not commit plain error when it fails to specifically state that a sentence is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a) so long as the court gives reasons for the imposition of the particular sentence. *United States v. Benally*, 541 F.3d 990, 996–97 (10th Cir. 2008). No more is required when considering the § 3553(a) sentencing factors as part of a motion for compassionate release. The district court met that standard here, detailing its reasons why Mr. Fletcher's life sentence remained appropriate and concluding that "the § 3553(a) factors do not support a sentence reduction." *See* Appellant's App'x Vol. III at 171.

Because the § 3553(a) factors are an independent basis to deny compassionate release, we decline to address Mr. Fletcher's arguments with respect to the other compassionate release requirements.

### B.   The § 404(b) Motion

Article III of the Constitution permits federal courts to decide only "Cases" or "Controversies." U.S. Const. art. III, § 2. To establish Article III standing, a party seeking relief must establish that (1) "it has suffered an injury in fact;" (2) "the injury is fairly traceable to the challenged action of the defendant;" and (3) "it is likely . . . that the injury will be redressed by a favorable decision." *People for Ethical Treatment of Prop. Owners v. U.S. Fish and Wildlife Serv.*, 852 F.3d 990, 996–97 (10th Cir. 2017) (internal quotation marks omitted). "Standing is determined as of the time the action is brought." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). We review a district court's determination of standing de novo. *Id.*

In addition to the requirement that the parties possess standing at the time an action is filed, constitutional mootness requires the controversy to "remain alive at the trial and appellate stages of the litigation." *See Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997). Constitutional mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (quotation marks omitted) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). "A case becomes constitutionally moot if it ceases to present a real and substantial controversy with respect to which specific relief may be fashioned." *Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808, 812 (10th Cir. 2024)

(internal quotation marks omitted). Constitutional mootness, like standing, is thus a threshold issue which we review de novo. *See Fletcher*, 116 F.3d at 1321.

In summary, "[s]tanding concerns whether a plaintiff's action qualifies as a case or controversy when it is filed; mootness ensures it remains one at the time a court renders its decision." *Brown v. Buhman*, 822 F.3d 1151, 1163 (10th Cir. 2016). "Failure to satisfy the requirements of either doctrine places a dispute outside the reach of the federal courts." *Id.* at 1164.

Addressing standing in the context of motions brought under the First Step Act, we held in *United States v. Mannie* that the only cognizable injury in a First Step Act motion is the defendant's ongoing incarceration. 971 F.3d at 1153. Accordingly, the defendant has standing to bring a First Step Act motion only if the court can redress the length of the defendant's ongoing incarceration. *Id.* In *Mannie*, the defendant had concurrent sentences for non-covered offenses, which would remain in effect even if the defendant succeeded on his First Step Act arguments. *Id.* Because the length of the defendant's sentence could not be redressed, we held that the defendant lacked standing to bring his motion. *Id.* at 1154.

Mr. Fletcher argues that the district court erred in concluding that he lacked standing to reduce his sentence under § 404(b) of the First Step Act. While not all of his concurrent sentences were for covered offenses under § 404(b), Mr. Fletcher maintains that the district court could redress the injury of the non-covered offenses using compassionate release and that standing was therefore present at the time he filed his motion.

13

Unlike the defendant in *Mannie*, Mr. Fletcher brought his § 404(b) motion alongside a motion for compassionate release, making the length of his sentence redressable for both his covered and non-covered offenses. Measuring standing at the time his motion was filed, Mr. Fletcher had a redressable injury sufficient to confer standing.

However, Mr. Fletcher effectively lost his live case or controversy after the court denied his motion for compassionate release. That is, Mr. Fletcher's § 404(b) motion became moot because the court could no longer redress his ongoing incarceration. While the district court used a misnomer in holding that Mr. Fletcher lacked standing, the court correctly determined that it lacked subject matter jurisdiction based on the absence of a live case or controversy. Indeed, mootness is often described as "the doctrine of standing set in a time frame." *See S. Utah Wilderness All.*, 110 F.3d at 727 (quoting *Arizonans for Official English*, 520 U.S. at 68 n.22) (quotation marks omitted). Because constitutional mootness—like standing—is a threshold jurisdictional issue, the district court properly dismissed Mr. Fletcher's § 404(b) motion.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Fletcher's motion for compassionate release and AFFIRM the dismissal of his § 404(b) motion.

Entered for the Court

Carolyn B. McHugh
Circuit Judge